## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**TIMOTHY BLACK,**

      **Petitioner,**

**vs.**                                                    **Case No. 4:09cv30-SPM/WCS**

**STATE OF FLORIDA, et al.,**

      **Respondents.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS HABEAS CORPUS PETITION

      This cause is before the court on a pro se pleading titled "Petition for Writ of Habeas Corpus in Admiralty."  Doc. 1.  Petitioner did not pay a filing fee or submit a motion to proceed in forma pauperis.  Petitioner then filed a notice of amended petition, to correct typographical errors in the initial petition.  Doc. 3.  The "Amended Petition for Writ of Habeas Corpus in Admiralty" is doc. 4, and references to the claims are to that document.

      Over the style of the case Petitioner has clearly written "THIS IS A CASE IN ADMIRALTY."  Doc. 4, p. 1.  He seeks release of a vessel or property under Fed.R.Civ.P. 9(h) and Local Admiralty Rule E(8)(b), claiming he is not a "person" subject to the laws of the State of Florida.  He refers to himself as "TIMOTHY W

BLACK©/DEBTOR," the "Third Party Plaintiff/Petitioner."  *Id.*  He refers to "Timothy William Black" as the "Third Party Intervenor [sic]," as "Secured Party Creditor," and as "Attorney-In-Fact, Authorized Representative in Behalf of DEBTOR TIMOTHY W. BLACK© ENS LEGIS."  *Id.*, pp. 1, 4.[1]

Petitioner is in custody pursuant to a state judgment, case number 2001-2808-CFA.  *Id.*, pp. 2-3 (referencing this case).  Attached to the initial petition (doc. 1) is a copy of the judgment in 2001-2808-CFA, a case out of the Fourth Judicial Circuit, Duval County.  Doc. 1-2, pp. 11-17 in ECF (electronic case filing system).  Petitioner was found guilty by a jury and convicted of two counts of sexual battery on a person less than twelve years of age, and one count of lewd or lascivious molestation on a person less than twelve years of age,[2] and sentenced to two terms of life and one term of thirty years, to be served concurrently.

Petitioner asserts:

Therefore the Third Party [Intervener] is the party who is injured by the action at large as he is incarcerated as surety for his collateral, Debtor TIMOTHY W BLACK© Ens Legis.  Third Party [Intervener] ask[s] why shouldn't the third party defendants dismiss the charges as the commercial criminal charges have been discharged upon acceptance and agreement by third party defendants and by their silence, they have agreed to the unlawful incarceration refused to accept payments therefore they have assumed all liabilities of the debtor in the original case that is

---

[1] Ens legis, Latin, meaning "[a] creature of the law; an artificial being as opposed to a natural person."  Black's Law Dictionary (8th Ed. 2004).

[2] The judgment does not specify the age of the victim, but counts one and two were under Fla. Stat. § 794.011(2)(A), and count three was under Fla. Stat. § 800.04(5)(B).  The sections cited require that the offender be eighteen years or older and the victim less than twelve years of age.

settled and discharged per their agreement. (see also Affidavit of Truth that went unchallenged, schedule "YY").

> 1.  All assertions that Third Party [Intervener] is a party to any proceeding concerning **STATE OF FLORIDA VS. TIMOTHY BLACK CASE # 2001-2808-CFA** are null and of no force and void ab initio, Third Party [Intervener] is not a party to an imaginary dispute between non-existence [sic] and non-appearing entities.
>
> 2.  Third Party [Intervener] is not and was at no time a party to the judgment of the trial court and all matters connected therewith and pertaining thereto are void for vagueness . . . .

Therefore, the Third Party [Intervener] as the sentient, living flesh and blood man is currently incarcerated without any valid process and grievously injured by non-existent entity as the **STATE OF FLORIDA** and no valid Documents of Commitment exists [sic] within the **FLORIDA DEPARTMENT OF CORRECTIONS**, that authorized the incarceration and continued incarceration of the Third Party [Intervener] in behalf of the Third Party Plaintiff/Petitioner.

*Id.*, p. 3 (reference to attachment omitted, citation and quotation omitted).[3]  Petitioner

claims the Third Party Plaintiff/Petitioner is the vessel or property of the Third Party

Intervener, which has been wrongfully seized.  *Id.*

The petition is concluded by the question, posed by the Third Party Intervener, of

what remedy is available for the Third Party Plaintiff/Petitioner.  *Id.*, p. 4.

---

[3] Petitioner quotes from 46 Am. Jur. 2d Judgments § 100, providing that a judgment must identify parties with certainty and, if it does not, is void for uncertainty. *Id.*

This is obviously not a proceeding in admiralty.[4]  Petitioner does not possess a copyright in his name,[5] and writing his name in all capital letters does not change him from a human, natural person to a legal entity thus depriving the state court of jurisdiction to prosecute him for criminal offenses.[6]  *See,* United States v. Mitchell, 405 F.Supp.2d 602, 603-605 and n. 4 (D. Md 2005) ("the use of all capital letters in the caption of an indictment is irrelevant to the issue of subject matter jurisdiction," also discussing the origins of this and similar baseless arguments increasingly asserted in criminal cases).

> "Jurisdiction is a matter of law, statute, and constitution, not a child's game wherein one's power is magnified or diminished by the display of some magic talisman," or by the use of special seals or "Apostilles" on documents, or by the recital of Special Words, Phrases or Arcane Incantations, whether capitalized in written text or not.

---

[4] Admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 pertains to marine commerce and navigation.  *See, e.g.*, Sisson v. Ruby, 497 U.S. 358, 362, 365, 110 S.Ct. 2892, 2895, 2897, 111 L.Ed.2d 292 (1990) ("protecting commercial shipping is at the heart of admiralty jurisdiction," and noting that "the party seeking to invoke maritime jurisdiction must show a substantial relationship between the activity giving rise to the incident and traditional maritime activity.").

[5] *See* United States v. Rodriguez Ramirez, 291 F.Supp.2d 266, 269 and n. 2 (S.D.N.Y. 2003) (rejecting state court defendant's claim to a copyright in his name), *citing* Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991), other citations omitted.

[6] A "person" is defined as "[a] human being," also known as a "natural person." Black's Law Dictionary (8th Ed. 2004). *See also* Fla. Stat. § 1.01(3) "[t]he word 'person' includes individuals . . . ").  A person is subject to prosecution in Florida for a criminal offense committed wholly or partly within the state, and the circuit and county courts have original jurisdiction in criminal cases and may issue necessary writs and process. Fla. Stat. § § 910.005(1) and 900.03(1) and (2), respectively.

<u>Richmond v. Wampanoag Tribal Court Cases</u>, 431 F.Supp.2d 1159, 1182 (D. Utah 2006) (citation and footnote omitted) (citing <u>Mitchell</u> in the footnote).

Petitioner's use of language from the Uniform Commercial Code, inapplicable to criminal proceedings, is also unavailing. *See, e.g.*, <u>Mitchell</u>, 405 F.Supp.2d at 604 ("the U.C.C. has no bearing on criminal subject matter jurisdiction," and it was "unfathomable how [the cited] provision has any relevance in a criminal proceeding"); <u>United States v. Partida-Parra</u>, 859 F.2d 629, 634 (9th Cir. 1998) ("formation of binding plea agreements is governed not by the Uniform Commercial Code, but by the Federal Rules of Criminal Procedure . . . .); <u>United States v. Ramirez</u>, 291 F.Supp.2d 266, 268-269 (S.D. NY 2003) (filing of a financing statement alone did not create a valid security interest, liens were "entirely without merit and were filed with the intent to interfere with the enforcement of the criminal laws of the United States.").

Regardless of the way he attempts to label himself or this proceeding, Petitioner is in custody and is claiming that his state court conviction is invalid. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). As Petitioner is "a person in custody pursuant to the judgment of a State court," a request for federal habeas corpus relief is cognizable under 28 U.S.C. § 2254(a). <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 and n. 8 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (citations omitted); <u>Felker v. Turpin</u>, 518 U.S. 651, 662, 116 S.Ct.

2333, 2339, 135 L.Ed.2d 827 (1996) ("authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'") (citing § 2254(a)).

Petitioner is currently incarcerated at Graceville Correctional Institution, and challenges the judgment of the Circuit Court in Duval County.  Jurisdiction is appropriate in this district (specifically, the Panama City Division) and the Middle District, as the districts of confinement and conviction, respectively.  28 U.S.C. § 2241(d).  This court routinely transfers petitions to the district of conviction; indeed a previous § 2254 petition by Petitioner Black challenging this Duval County conviction was transferred to the Middle District, and ultimately dismissed without prejudice by that court for Petitioner's failure to exhaust state remedies.  Black v. Crosby, 5:03cv125-MP/WCS; assigned case no. 3:03cv794-J-32TEM in the Middle District (judgment of dismissal entered on the docket on October 14, 2003) (available in PACER) (Public Access to Electronic Records).

Petitioner has a more recent § 2254 petition, challenging the Duval County conviction, currently pending in the Jacksonville Division of the Middle District.  Black v. McNeil, 3:08cv928-J-12HTS (available in PACER).  Respondent was granted until February 20, 2009, to file a response to the petition.  Doc. 15 in that case.  Petitioner's documents claiming to be a third party intervener were stricken by the court, and he was advised that any other documents filed as a third party intervener or debtor would be stricken.  Doc. 15 in that case.

Case No. 4:08CV370-RV/WCS

Petitioner's sole federal remedy – a § 2254 petition – is already being pursued in the district of his conviction.  There is no need to transfer the case to that district,  as Petitioner does not state cognizable § 2254 claims here.  Further, the Middle District would presumably strike the documents as Petitioner again labels himself as third party intervener.

It is therefore respectfully **RECOMMENDED** that this case be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2009.


s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:08CV370-RV/WCS